CAMPBELL, Judge.
This case arises out of a three-count robbery information filed against appellee and two others in Hillsborough County. The issue to be decided is whether a warrantless search of an automobile which results in *1296 seizure of a shotgun is justified when a party, who is not the owner of the vehicle but apparently in possession of it, has given consent to that search. We hold that the search in this case was legally conducted and reverse the trial court’s order.
Responding to a “prowler call,” police officers in Gainesville, Florida, spoke with the calling party who claimed three men had threatened him with a gun and forced him to leave the parking lot of his apartment building. While searching the area, the officers found a car occupied by a man sitting in the driver’s seat and matching the description given by the witness. This man, Jesse Baisden, got out of the car at the officers’ request and was read his Miranda rights. Although Baisden waived his Miranda rights and responded to the officers’ inquiries, he was not arrested immediately. The officers observed other articles in the vehicle which had been described to them by the witness. When asked why he was parked at the apartment complex, Baisden stated he had just let his girlfriend out and was waiting for her to return. Continuing their investigation, the officers asked if the vehicle belonged to Baisden, to which he first responded that it did, but later stated that it did not. He also stated he was from somewhere north of Gainesville and was just “passing through.”
When the officers asked Baisden for permission to search the car, he willingly consented, and the search resulted in discovery of a short-barreled shotgun under the driver’s seat. Appellee, the owner of the car, who was not present during the events leading up to the search of the car, was charged with three counts of armed robbery in Hillsborough County. The shotgun found under the seat was suppressed by the lower court from use at his trial.
We hold that suppression of this shotgun was error and reverse the order of the trial court. Once appellee allowed Baisden to possess his car exclusively, he lost his expectation of privacy, and therefore his standing to challenge the search of the automobile on the basis of lack of probable cause to arrest or search Baisden. State v. Hutchinson, 404 So.2d 361 (Fla. 2d DCA 1981).
Although there is strong evidence of consent here, the trial court did not reach the consent issue, and instead granted the motion to suppress on lack of probable cause to arrest or search Baisden. We, therefore, reverse and remand to the trial court for treatment consistent herewith.
SCHEB, C. J., and DANAHY, J., concur.